Hay, Judge,
delivered the opinion of the court:
The plaintiff is suing to recover the sum of $10,547.14, which it paid to the Commissioner of the General Land Office in 1909. At the time the money was paid to the Government it was claimed that the plaintiff had cut 23,700 ties from lands belonging to the United States.
When the money was paid the plaintiff reserved the right to apply for a repayment of said money in case it should be determined that the title to the lands from which the ties were cut were not in the United States, and the Commissioner of the Land Office in receiving said money stated that the check representing the money had been deposited for collection, and that the money collected on said check
will be held subject to be returned to you or covered into the Treasury, accordingly as your offer is accepted or rejected.” The money was thereafter covered into the Treasury, and although the plaintiff has made repeated demands for it, it has never been returned to it.
The General Land Office regarded the money as payment for depredation on the public lands.
*533 Both the plaintiff and defendant have filed extended and learned briefs as to whom the land belonged at the time of the taking of these ties. They confine themselves to the question of the title of lots 71, 75, and 109, from which it was alleged by the Government agent that the ties were cut. But upon reading the evidence in the case it appears that the ties were not cut from lots 71, 75, and 109 at all, but were cut from lands from which the plaintiff had an undisputed right to cut the ties which are the subject matter of this suit.
Therefore it would appear that the money paid for these ties was paid through a mutual mistake of fact. As the plaintiff reserved the right to apply for a repayment of the money, and the Government agreed to hold the money subject to be returned to the plaintiff if such a mistake had occurred, for that is in effect what the Government did, it is right that this money, which never belonged to the Government, should be returned to the plaintiff.
A judgment will be entered for the plaintiff in the sum of $10,547.14. It is so ordered.
Geaham, Judge; Booth, Judge; and Campbell, Ghief Justice, concur.